IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,459-01, WR-68,459-02, WR-68,459-03






EX PARTE VANTRAY WILLIAMS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 05-246-A, 05-247-A, 05-248-A IN THE 130TH DISTRICT COURT


FROM MATAGORDA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver
a controlled substance, delivery of a controlled substance in a drug free zone, and possession with intent
to deliver a controlled substance, and sentenced to 15, 10, and 45 years' imprisonment, respectively. The
Thirteenth Court of Appeals dismissed Applicant's appeals. Williams v. State, Nos. 13-06-00197-CR,
13-06-00198-CR, and 13-06-00199-CR (Tex. App. - Corpus Christi, May 25, 2006, no pets.).

 Applicant contends, inter alia, that his pleas were involuntary because Applicant was not
admonished of the punishment ranges for the charged offenses prior to entering his pleas of guilty. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that
his pleas were involuntary. The trial court shall make a finding as to whether Applicant was properly
admonished of the punishment ranges of the charged offenses before he entered his pleas. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to
the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing the plea papers
and admonishments in these cases and all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court.




Filed November 7, 2007

Do not publish